**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JULIUS GRULKEY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3071 |
| | § | |
| WILLIAM NORTHRUP, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

Plaintiff, a state inmate, filed this civil rights lawsuit complaining of defendants'

deliberate indifference to his serious medical needs.  The following motions filed by plaintiff

are pending before the Court:

(1)    Application to Proceed *In Forma Pauperis* (Docket Entry No. 2);

(2)    Motion for Preliminary Injunction (Docket Entry No. 3);

(3)    Motion for Temporary Restraining Order (Docket Entry No. 3);

(4)    Motion for Appointment of Counsel (Docket Entry No. 5); and

(5)    Motion for Exemption from the "Three Strikes Laws" (Docket Entry No. 6).

Plaintiff reports that in April of 2006, he underwent surgery at UTMB for removal of

a malignant testicular tumor.[1]  He alleges here that defendants were deliberately indifferent

---

[1]Plaintiff's section 1983 lawsuit complaining of defendants' deliberate indifference to his serious medical needs regarding the testicular cancer was dismissed for failure to state a claim. *Grulkey v. Northrop*, C.A. No. W-06-CA-186 (W. D. Tex. March 16, 2007).  Accordingly, those claims will not be considered in this lawsuit.

to his  serious post-surgical medical needs in (1) denying him proper pain medication upon

his return to the prison unit; (2) denying him access to a qualified cancer specialist at the unit;

(3) signing his hospital discharge papers before surgery was performed; (4) returning him to

the unit in a regular "chain" bus instead of "special hospital transportation vehicle,"

damaging the surgical incision and causing him pain; (5) denying him two weeks of post-

surgery chemotherapy, causing the cancer to spread to his lung; (6) denying him "timely,

continuous, adequate, unfettered" medical care by not scheduling timely follow-up testing

to prevent further spreading of the cancer and his death.

Plaintiff admits that he is barred from proceeding *in forma pauperis* under the "three

strikes" rule, and requests an exemption to proceed with this lawsuit.  Under 28 U.S.C. §

1915(g), an inmate who is barred by the "three strikes" rule may proceed *in forma pauperis*

under section 1983 only if he is "under imminent danger of serious physical injury."  In the

instant case, plaintiff potentially meets this requirement only as to his claim that defendants

are refusing to treat his lung cancer.  However, further information is needed in order for the

Court to evaluate properly whether plaintiff was under imminent danger of serious physical

injury at the time he filed this complaint.

Plaintiff further requests a temporary restraining order and preliminary injunction

(Docket Entry No. 3) ordering his immediate transfer to Hospital Galveston for ninety days

for testing and treatment by "one" doctor, with housing in a cell equipped with fully

functioning fixtures.  Based on the information provided by plaintiff in his pleadings, it does

not appear that there is a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted at this time.  *See Planned Parenthood of Houston and Southeast Tex. v. Sanchez*,  403 F.3d 324, 329 (5th Cir. 2005).

Accordingly, the Court ORDERS as follows:

(1)     The Application to Proceed *In Forma Pauperis* (Docket Entry No. 2) and Motion for Exemption from the "Three Strikes Laws" (Docket Entry No. 6) are STAYED, pending further order of the Court.

(2)     Plaintiff's motions for a temporary restraining order and preliminary injunction (Docket Entry No. 3) are DENIED, subject to reconsideration by the Court should plaintiff be granted leave to proceed *in forma pauperis*.

(3)     Plaintiff's motion for appointment of counsel (Docket Entry No. 5) is DENIED, subject to reconsideration by the Court should plaintiff be granted leave to proceed *in forma pauperis*.

(4)     The Office of the Attorney General for the State of Texas is ORDERED to prepare and file a report for the Court's review within thirty (30) days pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1987).  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986) (discussing the utility of a *Martinez* report).  The Report shall include copies of plaintiff's relevant medical, prison, and grievance records from the date of his release from Hospital Galveston in April of 2006, through the date of the Report.  The Report is to provide the Court with relevant documentation and other information for the Court's use in evaluating

plaintiff's allegation that he is under imminent danger of serious physical injury due to defendants' deliberate indifference to his serious medical needs in their refusal to treat his lung cancer.

The Clerk will provide a copy of this order to the parties.  The Clerk shall further provide a copy of this order, along with a copy of petitioner's complaint (Docket Entry No. 1), to the Attorney General of the State of Texas, Gregory Abbott, Attention: S. Michael Bozarth, Supervisor, Post-Conviction Litigation Division (Mail Code 066), P. O. Box 12548, Capitol Station, Austin, Texas 78711-2548, by certified mail, return receipt requested.

Signed at Houston, Texas on October 4, 2007.


_____
Gray H. Miller
United States District Judge