IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIUS GRULKEY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3071 |
| | § | |
| WILLIAM NORTHRUP, ET AL., | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ON DISMISSAL**

Julius Grulkey, a state inmate proceeding *pro se*, filed this civil rights lawsuit alleging deliberate indifference to his serious medical needs. Grulkey reports that in April of 2006, he underwent surgery at UTMB for removal of a malignant testicular tumor.[1] He claims here that defendants were deliberately indifferent to his serious post-surgical medical needs in (1) denying him proper pain medication upon his return to prison; (2) denying him access to a cancer specialist at the unit; (3) signing his hospital discharge papers prior to surgery; (4) returning him to prison in a regular "chain" bus instead of a special hospital transportation vehicle; (5) denying him two weeks of post-surgery chemotherapy, causing the cancer to spread to his lung; and (6) denying him "timely, continuous, adequate, unfettered" medical care by not scheduling timely follow-up testing to prevent spreading of the cancer and his death. Grulkey complains that defendants refuse to provide medical follow-up and chemotherapy for his lung cancer.

---

[1] Grulkey's section 1983 lawsuit alleging deliberate indifference to his serious medical needs for the testicular cancer was dismissed. *Grulkey v. Northrop*, C.A. No. W-06-CA-186 (W. D. Tex. 2007). Accordingly, those claims will not be revisited here.

Grulkey admits that he is barred from proceeding *in forma pauperis* under the "three strikes" rule, but seeks an exemption (Docket Entry No. 6) to proceed *in forma pauperis* in this case (Docket Entry No. 2). Under 28 U.S.C. § 1915(g), an inmate who is barred by the three strikes rule may proceed *in forma pauperis* under section 1983 only if he is under imminent danger of serious physical injury. In the instant case, Grulkey potentially meets this requirement only as to his claim that defendants are refusing medical care for his lung cancer. In order to evaluate properly whether Grulkey is under imminent danger of serious physical injury, the Court ordered the Office of the Attorney General (OAG) to file a special report. The OAG timely filed the report with a chronology of Grulkey's medical care, copies of his relevant medical records, an affidavit of Dr. Avi Markowitz, Chief of the Hematology/Oncology Division at UTMB, and related information for the Court's review. (Docket Entry No. 14.)

Based on a careful review of the report and the record, the Court concludes that Grulkey is not under imminent danger of serious physical injury. According to Dr. Markowitz, Grulkey currently has

> two tiny nodules in the lung showing no change over time. Scans have been repeated at two- to three-month intervals, which is an appropriate way to monitor the condition. . . Over a sustained period of time, there has been negligible variance and no indication of meaningful change either to [the] nodules or tumor markers. After one year of close follow-up, Mr. Grulkey's condition has remained stable with no evidence of progression of the disease.

Dr. Markowitz found no need for immediate chemotherapy treatments, and testified that chemotherapy would be potentially harmful to Grulkey:

> [H]is condition now is no different that it was one year ago. Therefore, there is no evidence that it is getting worse. Additionally, there are severe side effects associated with chemotherapy which he would have to consider before making such a decision. In addition to severe fatigue, nausea and vomiting, the chemotherapy itself could cause serious lung disease in the form of pulmonary fibrosis. It could lower his white blood cell count and put him at serious risk for life-threatening disease, such as infection, as well as permanent hearing, kidney and/or nerve damage. Mr. Grulkey has a real, tangible risk of dying as a result of chemotherapy.

In short, Dr. Markowitz testified that "the risks [of chemotherapy], which are significant," must be weighed against "the benefits, which at this time are negligible." Dr. Markowitz was of the opinion that Grulkey's medical care was "well within the acceptable standard of care[.]" Grulkey's medical records show that he has received regular medical care for the two nodules. Grulkey himself, in a prison grievance dated May 18, 2007, acknowledges that he averages two to five trips per month to UTMB.

Grulkey's motions for an exemption from the three strikes rule and to proceed *in forma pauperis* (Docket Entries No. 2, 6) are DENIED and this complaint is DISMISSED pursuant to 28 U.S.C. § 1915(g). Grulkey may move within thirty days to reopen this case upon payment of the $350.00 filing fee.

Signed at Houston, Texas on November 9, 2007.

_____
Gray H. Miller
United States District Judge